IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GARY WAYNE GRIFFIN, )
)
Petitioner, )
)
v. ) Case No. CIV 13-091-RAW-KEW
)
CHAD MILLER, Warden, )
)
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction in Atoka County District Court Case Number CRF-2009-139 for three counts of First Degree Rape and one count of Forcible Sodomy.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

07/01/2011   Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals in *Griffin v. State*, No. F-2010-682 (Okla. Crim. App. July 1, 2011).

09/30/2011   Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

07/18/2012   Petitioner filed an application for post-conviction relief in the Atoka County District Court.

07/30/2012   The state district court denied petitioner's application for post-conviction relief.

12/12/2012   The denial of petitioner's application for post-conviction relief was affirmed in *Griffin v. State*, No. PC-2012-783 (Okla. Crim. App. Dec. 12, 2012).

03/12/2013   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As set forth above, petitioner's direct appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals on July 1, 2011. His conviction, therefore, became final on September 30, 2011, upon expiration of the ninety-day period for a certiorari appeal

2

to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Therefore, petitioner's statutory year began to run on October 1, 2011, and it expired on October 1, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). Petitioner's habeas petition was filed on March 12, 2013, after the statutory deadline.

Pursuant to 28 U.S.C. § 2244(d)(2), however, the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application on July 18, 2012, which was denied by the Atoka County District Court on July 30, 2012. The OCCA affirmed the denial on December 12, 2012, in *Griffin v. State*, No. PC-2012-783 (Okla. Crim. App. Dec. 12, 2012). Allowing for the 148 days that petitioner's post-conviction proceedings were pending, his filing deadline was extended 148 days to February 27, 2013. *See Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (holding that "tolling calculations should take into account both the day tolling began and the day tolling ended"). This petition, filed on March 12, 2013, was untimely.

**ACCORDINGLY,** respondent's motion to dismiss time-barred petition (Docket No. 5) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 21st day of March 2014.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

3